UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| EDWIN HUNTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:24-cv-00046-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY | ) | **MEMORANDUM OPINION** |
| CABINET FOR HEALTH AND FAMILY | ) | **&** |
| SERVICES, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Edwin Huntley is a resident of Clay City, Kentucky. Proceeding without a lawyer, Mr. Huntley filed a Complaint with this Court in which he appears to allege that child support payments are being improperly removed from his paycheck. [*See* R. 1 (including attachments)]. Mr. Huntley paid the $405.00 in filing and administrative fees applicable to this case. [R. 1-2.]

The Court reviewed Mr. Huntley's submissions and first directed him to sign his Complaint, in accordance with Rule 11(a) of the Federal Rules of Civil Procedure. [*See* R. 5]. The Court then directed Mr. Huntley to explain, in writing, why this case should not be dismissed for lack of subject matter jurisdiction. *Id.*

Mr. Huntley responded to the Court by submitting a signed version of his Complaint. [*See* R. 6 at 5.] Mr. Huntley also filed a short letter explaining that he is suing the Commonwealth of Kentucky for allegedly seizing some of his payroll funds in order to satisfy his child support obligations. [*See* R. at 6-1]. Mr. Huntley characterizes these actions as violations of his federal Constitutional rights, and indicates that he is seeking money damages from the Commonwealth. [*See* R. 6 at 5; R. at 6-1].

The Court will dismiss this action without prejudice for lack of subject matter jurisdiction. As an initial matter, the United States Court of Appeals for the Sixth Circuit has made it clear that federal courts have no jurisdiction to resolve certain domestic relations matters, such as the one apparently at issue in this case. *See, e.g.*, *Patridge v. Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); *Danforth v. Celebreeze*, 76 F. App'x 615, 616 (6th Cir. 2003). Notably, Mr. Huntley's submissions suggest that he is questioning the state's calculation (and collection) of child support payments, matters that fall within the domestic relations exception to federal question jurisdiction. *See Alexander v. Rosen*, 804 F.3d 1203, 1206 (6th Cir. 2015) (discussing those matters that would and would not fall within the exception). For this reason, this Court lacks subject matter jurisdiction.

Moreover, even if the domestic relations exception did not apply, the Court would still lack jurisdiction in this case. Mr. Huntley's claims against the Commonwealth and its Cabinet for Health and Family Services are barred by the Eleventh Amendment to the United States Constitution. "The Eleventh Amendment 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments.'" *Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013) (quoting *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993)). Since the Commonwealth has not waived its Eleventh Amendment immunity, and because Congress has not abrogated immunity under any federal statute cited by Mr. Huntley, his claims against the Commonwealth and the Cabinet cannot proceed. *See Sefa*, 510 F. App'x at 437; *see also Edwards v. Commonwealth of Ky. Revenue Cabinet,* 22 F. App'x 392, 393 (6th Cir. 2001) (explaining that "Eleventh Amendment immunity constitutes a jurisdictional bar").

Accordingly, it is **ORDERED** that:

1. Mr. Huntley's Complaint **[R. at 1, 6]** is **DISMISSED**, without prejudice, for lack of subject matter jurisdiction;

2. This action is **STRICKEN** from the Court's docket; and

3. The Court will enter a corresponding Judgment.

This the 19th day of March, 2024.

Gregory F. Van Tatenhove
United States District Judge